IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, <br> TDCJ No. 1047716, <br><br> Plaintiff, <br><br> V. <br><br> FNU LNU, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> No. 3:24-cv-1072-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Demarcus Kenard Joe, a Texas prisoner and serial litigant, submitted a *pro se* filing in which he requests that the Court investigate the Dallas County District Clerk. *See* Dkt. No. 3.

The presiding United States district judge referred this filing to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

And, while Joe's filing has been initially construed as a habeas petition, a request for the Court to conduct an investigation "would not 'necessarily spell speedier release,'" so this lawsuit should be construed as "brought under [42 U.S.C.] § 1983." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Tamayo v. Perry*, 553 F. App'x 395, 400 (5th Cir. 2014) (per curiam) ("[T]he principle that the only action available to a prisoner to challenge any aspect of his conviction or sentence was the habeas process under 28 U.S.C. § 2254 and related statutes" "[a]rguably no longer applies in cases … that do not

directly challenge the conviction but instead challenge something that does not 'necessarily imply the unlawfulness of the State's custody.'" (quoting *Skinner*, 562 U.S. at 525)); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (A court must construe prisoner or *pro se* filings "according to the essence of the [litigant's] claims, regardless of the label that the [litigant] places on his complaint.").

Joe neither paid the statutory filing fee nor moved for leave to proceed *in forma pauperis* ("IFP").

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this construed civil action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Joe pays the full filing fee of $405.00.

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Joe is subject to this three-strikes bar. *See Joe v. Richardson*, No. 3:18-cv-1366-N-BN, 2018 WL 5259656 (N.D. Tex. Sept. 17, 2018) (recounting Joe's accumulation of strikes), *rec. accepted*, 2018 WL 5258576 (N.D. Tex. Oct. 22, 2018) (dismissing case as barred by Section 1915(g)); *accord Joe v. White*, No. 7:19-cv-92-M-BP (N.D. Tex. Oct. 9, 2019); *Joe v. Hegar*, No. 3:20-cv-718-L-BN, 2020 WL 1942140 (N.D. Tex. Mar. 27, 2020), *rec. accepted*, 2020 WL 1940283 (N.D. Tex. Apr. 21, 2020).

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

But, to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1.

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms (which should be corroborated by medical records or grievances) does not allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Joe's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g). The Court should therefore bar Joe from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Plaintiff Demarcus Kenard Joe pays the full filing fee of $405.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 6, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE